Mr. Justice James
delivered the opinion of the court.
This action is brought by the husband and wife for injuries inflicted by a servant of the defendant upon the wife. The testimony showed that while Mrs. Scott, with her young daughter, was walking on Seventh street, and was at a point between the stables and the car house of the defendant, a driver of one of the cars detached from his car a horse, struck it a violent blow and started it in a run for the stable; that the horse ran over Mrs. Scott, injuring her seriously at the time, and that in consequence of the injury she was, a few weeks afterwards, confined and delivered prematurely of a child which died soon after, and that she has been suffering from that time until the action was brought from these inj uries.
On the trial she stated that her business — her own personal occupation — was that of a washerwoman, and that she was able only at times to pursue it, her expression being that she was “able to work this week, but not next.”
*153 In view of this testimony the court, at the request of the defendant, gave the following instruction:
“ The plaintiffs are not entitled to recover, in this action, anything as exemplary damages, nor as damages or compensation for the loss of the services of the wife to the husband, nor for the loss of the wife’s society, nor for the expenses of her cure, nor for attendance while sick.”
The defendant asked the court for another instruction, which was refused; and the court, in place of giving it, gave the following:
“If the jury shall find from the evidence that the plaintiff, Jane Scott, was injured by reason of the negligence of the defendant’s agents or employees, then the plaintiffs are entitled to recover such sum as would fairly compensate for the ^'physical and mental suffering caused by the injury during her illness, and also for whatever injury the jury may find continued after she was able to leave the house, or continued to this time, so as to diminish her physical strength or ability to perform and transact her necessary affairs and business; and if the jury believe from the evidence that the miscarriage to the plaintiff, Jane, was the natural and proximate consequence of the negligence of the defendant, that circumstance may properly form an element to be considered by the jury in awarding damages for the pain and injury suffered by the said Jane.”
There is no question made, nor could there be any, of the propriety of the first instruction given by the court, namely, that the husband and wife, in a joint action, could not recover for the loss of the services of the wife to the husband, nor for the loss of her society to him, nor for the expenses of her cure, nor for attendance while sick. The loss specified is his loss alone, and the expenses referred to are obligations which he alone is liable for.
But it was claimed that in the next instruction given by the court in substitution for one that was asked, the court substantially instructed the jury that they might give damages for such injury to her physical strength as disabled her from performing her necessary affairs and business. *154 That describes (in view of the testimony as to what her business was, and that she was able to work only a part of the time), a class of services which she really owed to her husband.
We have endeavored carefully to see whether some other construction might not fairly be put upon it, which the jury might have properly adopted. But it seems clear that when the jury are told that they may take into consideration, in measuring the damages, the present continued diminution of strength which disabled her from performing her necessary affairs and business, that this referred to the kind of business testified to. We have the whole of the testimony upon this matter, and it refers evidently to her inability to perform the work which she said she had been doing, and the earnings of that belonged to her husband. We think, therefore, that this second instruction practically nullified what the court had already said.
It is true that the jury were told that they were not to allow, in this action damages or compensation for the loss of the services of the wife to the husband. But the jury, without an explanation, might not have known what business of the wife constitutes services to the husband, and we must presume that the general verdict was based upon all the testimony which the court permitted the jury to take into consideration, and, therefore, as testimony was allowed to go to them concerning the wife’s disability to pursue her business, the earnings of which, in law, belonged to her husband, we are obliged, with some regret, to reverse the judgment of the. court below.